**Robert JORDAN, Plaintiff,**

v.

**GLOBAL NATURAL RESOURCES, INC., Defendant.**

No. C–1–82–978.

United States District Court, S.D. Ohio W.D.

Nov. 23, 1984.

Gene Mesh, Cincinnati, Ohio, for plaintiff.

Thomas B. Ridgley, Columbus, Ohio, for defendant.

MEMORANDUM AND ORDER RELATING TO FORM OF NOTICE OF PENDENCY OF ACTION AND PROCEDURES TO BE FOLLOWED TO NOTIFY THE CLASS

SPIEGEL, District Judge:

This matter is before the Court for resolution of a dispute as to how the foreign shareholders of Global National will be notified of the pendency of this class action, and what, if any, action need be taken by such foreign shareholders for their inclusion in the class. These issues have been fully briefed and are ripe for resolution (docs. 32, 33, 34). As developed below, we conclude that foreign shareholders should be permitted to opt out of the class, and should not be required to opt in; we also conclude that the abbreviated notice attached to plaintiff's memorandum (Attach. B to doc. 32) is adequate notice for publication in foreign newspapers.

Plaintiff proposes the following procedure for class notification. First, plaintiff contends that all potential class members (foreign as well as domestic shareholders) be permitted to opt out of the class should they wish not to be bound by the results of this litigation. Plaintiff suggests a two-faceted approach to notification: (1) identified shareholders will be provided the longer form of notice represented by Attach-

ment A (Form A) to doc. 32; (2) unidentified shareholders, both foreign and domestic, will be notified by publication of the abbreviated form of notice represented by Attachment B (Form B) to doc. 32.

Defendant objects to this suggested procedure in two respects. First, defendant would require foreign shareholders to opt into the class and thereby maximize the potential *res judicata* effect of a final judgment in these proceedings. Second, defendant suggests a third facet to the notification procedure by asserting that unidentified foreign shareholders should be notified by publication of the Form A notification rather than the abbreviated Form B.

We deal first with the method of inclusion of foreign shareholders in the class. Defendant identifies two factual bases for its contention that foreign shareholders should be required to opt into the class. First, the presence of bearer shares and the absence of shareholder lists in this case make identification of shareholders difficult. Second, the presence of foreign shareholders in conjunction with Global's foreign assets renders foreign suits possible, and the opt in provision would maximize the *res judicata* effect of an United States' Court decision in any such foreign forum.

While we are sensitive to defendant's concerns, we find wisdom in Judge Turrentine's words in the case of *In re U.S. Financial Securities Litigation,* 69 F.R.D. 24 (S.D.Cal.1975). There, Judge Turrentine certified the action as a traditional opt out class action while noting the following:

Nevertheless, should new facts come to this Court's attention indicating that there exists a *substantial possibility* that defendant could be sued abroad subsequent to an American judicial determination of its liability, if any, and that a latter foreign action could be enforced abroad because Touche does have assets from which to satisfy that judgment, then the 'opt-in' technique should be utilized. By 'opting-in,' a foreign debenture holder signifies to a foreign court (if he

decides to sue Touche subsequent to a judgment in this action) that he has been notified of this action, and that he 'affirmatively participated' in this dispute.

69 F.R.D. at 53 (emphasis added).

■ Application of the substantial probability standard to this case compels the conclusion that defendant has failed to demonstrate such a probability. Defense counsel represent in their memorandum (doc. 33, p. 3) that Global holds assets abroad; there is no qualification of this statement. Furthermore, there is nothing in the record such as affidavits of foreign counsel to document the claim that the decision of this Court will not be recognized in those foreign jurisdictions, if any, where defendant may be subject to suit. Because defendant has not borne its burden of demonstrating a substantial probability of subsequent foreign suits and consequent enforcement of adverse judgments against assets held abroad, we decline to depart from the traditional opt out class action format.

■ On the issue of notification of unidentified foreign shareholders we conclude that the publication of the abbreviated Form B notice is adequate. The Form B notice contains that basic information vital to adequate notification of the class, that is: "(1) the absentees' privilege to exclude themselves from the action; (2) the otherwise binding nature of judgment; and (3) members' rights to appear individually through separate counsel to represent their own interests more directly." 2 H. Newberg, *Newberg on Class Actions* § 2475j at 157 (1977). Therefore, the abbreviated notice embodied in Form B fulfills the requirements of Rule 23(c)(2) Fed.R.Civ.P. Because defendant has advanced no justification for the additional expense of publishing the longer Form A, we conclude that publication of Form B is sufficient.

In accordance with the foregoing it is hereby ordered that:

1. Notice of Pendency of Class Action ("the Notice") for individual notice to iden-

tified class members will be in the form attached hereto as Exhibit A.

2. Notice of Pendency of Class Action ("the Notice for Publication") for constructive notice by publication to unidentified class members will be in the form attached hereto as Exhibit B.

3. On or before December 15, 1984, the Notice will be mailed to all shareholders (including brokers and nominees) known to have exchanged Global bearer shares for Global registered shares and to all persons, firms, or entities who acquired Global stock during the class period through investment brokers in the over-the-counter market.

4. On or before January 15, 1985, a follow-up letter will be sent to brokers and nominees who do not respond to the first mailing.

5. The parties will complete mailing of the Notice to any beneficial owners of the shares referred to in ¶ 3 by February 15, 1985.

6. Class members who wish to opt out of the class will be required to do so by March 15, 1985 as provided in the Notice, or they will remain in the class.

7. Plaintiff will cause to be published the Notice of Pendency of Class Action annexed hereto as Exhibit "B". Said notice shall be published, at plaintiff's expense, one time during the month of April or May of 1985, and in a form not smaller than 1–1⅝" (column width) × 1–1½" (length), in the following newspapers:

(a) Wall Street Journal; and

(b) Financial Times (English);

(c) Novedades (Spanish)

(d) Jersey Evening Post (English)

(e) South China Morning Post (English)

(f) Hat Financieele Dagblad (Dutch)

This Order is entered to provide the parties with sufficient time to compile the class list and give notice of pendency of class action to the class, and to provide the class numbers with sufficient time to receive notice and decide whether to opt out of the class.

SO ORDERED.

EXHIBIT A

IMPORTANT NOTICE

PENDENCY OF CLASS ACTION

ALL PERSONS, FIRMS, OR ENTITIES, OTHER THAN MEMBERS OF THE IMMEDIATE FAMILIES OF THE EXECUTIVE OFFICERS AND DIRECTORS OF THE DEFENDANT GLOBAL NATURAL RESOURCES, PLC, WHO ACQUIRED THE COMMON STOCK OF GLOBAL DURING THE TIME PERIOD FROM JUNE 22, 1982 TO SEPTEMBER 8, 1982

NOTICE OF PENDENCY OF
CLASS ACTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure all persons who purchased shares of the common stock of Global Natural Resources, PLC (Global) during the period from June 22, 1982 to September 8, 1982 are notified as follows:

Plaintiff Robert Jordan (Jordan), a purchaser of common stock of Global during the time period described above has filed a lawsuit in this Court seeking to recover damages from Global.

By order entered April 3, 1984, the Court has conditionally certified the following class on whose behalf this litigation may proceed, and has authorized Jordan to prosecute this action on behalf of the class. The class consists of the following persons:

All persons, firms, or entities, other than members of the immediate families of the executive officers and directors of the defendant, Global, who acquired the common stock of Global during the time period from June 22, 1982 to September 8, 1982.

The complaint alleges that the defendant violated Section 10(b) of the Securities and Exchange Act of 1934 (the 1934 Act) and Rule 10b–5 promulgated thereunder, 15 U.S.C. 78j(b), CFR 240–10b–5, and that the defendant breached its fiduciary duty to the class by artificially inflating the price of Global's common stock during the class

period through the issuance of public communications which contained material misrepresentations and omissions. The complaint's allegations generally relate to communications concerning the McFarland Oil transaction which alleges that the transfer of Global shares for McFarland Oil shares was done at a value unfair to Global. The complaint also alleges that the market price of Global shares was artifically inflated.

The defendant has denied these allegations and that it violated any provisions of the securities laws or engaged in any wrongful conduct.

The Court has not expressed any opinion as to the merits of the claims or defenses asserted in this action. No such determination has yet been made. This notice is sent to you for the sole purpose of informing you of the pendency of the litigation so that you may decide what steps you wish to take in relation to this litigation.

If you are a member of the class described above and wish to remain a member of said class, you need not respond to this notice. If you do not request exclusion in the manner provided below, you will be treated as one of the class members in this action and will be bound by any settlement, judgment or other disposition of the action, whether favorable or unfavorable to members of the class. If there is no recovery on behalf of the class, you will not be liable for any attorney's fees. Only class members will be entitled to participate in the proceeds of any judgment or settlement.

If you are a member of the class described above and wish to be excluded, you should write a letter or postcard requesting exclusion and mail it to the Clerk of the United States District Court, Southern District of Ohio, Western Division, Cincinnati, Ohio 45202, postmarked on or before March 15, 1985. If you send such a letter or postcard by that date, you will be excluded from the class, will not be entitled to share in the proceeds of a judgment or settlement, if any, and will not be bound by any settlement, judgment or other disposi-

tion of the action whether favorable or unfavorable to the members of the class.

If you are a member of the class described above and wish to participate in the class action on your own behalf, you may, if you so desire, enter an appearance through counsel of your own choosing. If you wish to remain a member of said class but do not select your own counsel, your interest will be represented by counsel for Mr. Jordan. They are:

Gene I. Mesh, Esq.
GENE MESH CO., L.P.A.
3133 Burnet Avenue
Cincinnati, Ohio 45229

The complaint and the other pleadings filed in this action may be examined during regular office hours in the office of the Clerk for the United States District Court, Southern District of Ohio, Western Division, Cincinnati, Ohio 45202.

*Notice to Brokers and Other Nominees:*

If you purchased common stock of Global Natural Resources, PLC, during the class period for another person, you are hereby requested to inform that beneficial owner of the pendency of this class action. You may obtain additional copies of this Notice by sending a request therefor to the address set forth above.

DATED: ————————————, 1984

By Order of the Court

————————————————
Clerk
United States District Court
Southern District of Ohio
Cincinnati, Ohio 45202

EXHIBIT B

NOTICE OF PENDENCY OF
CLASS ACTION

An action is pending in the Federal District Court in Cincinnati, Ohio on behalf of a class consisting of all persons, firms or entities, other than members of the immediate families of the officers and directors of defendant Global Natural Resources, PLC. (Global) who acquired the common stock of

Global during the time period from June 22, 1982 to September 8, 1982 (the Class).

If you are a member of this class but wish to be excluded from it, the Court will exclude you if you so request, in writing to the address below, by March 15, 1985. If you do not request exclusion, you will be bound by any disposition of the action, whether favorable or unfavorable to members of the class. If there is no recovery on behalf of the class, you will not be liable for any attorney's fees. If you do not request exclusion, you may, if you so desire, enter an appearance through counsel of your own choosing.

If you are a member of the class as defined above and did not receive a "Notice of Pendency of Class Action," please request a copy from:

Gene Mesh Co., L.P.A.

3133 Burnet Avenue

P.O. Box 29073

Cincinnati, Ohio 45229

The Notice of Pendency of Class Action contains important information about the litigation.